IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

  Plaintiff,

v.             Civil Action No. 5:09CR26
                  (STAMP)
JOANNE M. WHIPKEY,

  Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING PETITION FOR EXPUNGEMENT OF FEDERAL CONVICTION**

I. Background

The pro se[1] defendant, Joanne M. Whipkey, pled guilty to one count of being a straw purchaser on behalf of a prohibited person in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2) in July 2009. The defendant was then sentenced to a term of probation for three years. On March 28, 2014, the defendant filed a petition of expungement of her record. In support of her petition, the defendant states that her conviction is hindering her ability to complete a required internship to obtain her associates degree in early childhood education. Further, she states that her conviction generally has the effect of barring her employment. The defendant notes that at the time of her conviction, she was 22 years old and was a first-time offender.

---

[1] Pro se - "One who represents oneself in a court proceeding without the assistance of a lawyer." Black's Law Dictionary 1341 (9th ed. 2009). This Court notes that the defendant was represented in the underlying criminal actions but has filed the petition for expungement to this Court pro se.

In response to the defendant's petition for expungement of record, the government states that this Court lacks statutory or constitutional jurisdiction to decide this matter. Further, the government asserts that this Court lacks ancillary jurisdiction, as the expungement of a conviction does not fall within the two purposes provided for such jurisdiction. Accordingly, the government requests that the petition be denied, and suggests that the proper recourse for the defendant is to petition the Attorney General through the Office of the Pardon Attorney where any decision concerning a pardon, commutation, or expungement may be properly made.

For the reasons stated below, this Court denies the defendant's petition for expungement.

## II. <u>Applicable Law</u>

Federal courts are courts of limited jurisdiction, and can only exercise the authority conferred by the Constitution or by statute. Additionally, although 18 U.S.C. § 3231 provides "district courts with original jurisdiction 'of all offenses against the laws of the United States,' a district court's jurisdiction under this statutory provision ends once the judgment of conviction is entered." <u>United States v. Mitchell</u>, 683 F. Supp. 2d 427, 432 (E.D. Va. 2010); 18 U.S.C. § 3231. Thus, no federal statute or regulation generally provides for expungement of a

federal offense. Stoute v. United States, CIV.A. RDB-11-1220, 2011 WL 2037672 (D. Md. May 24, 2011).

Further, federal jurisdiction "is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Consequently, a district court must have ancillary jurisdiction to complete the expungement of a federal offense where "there is no explicit constitutional or statutory grant of jurisdiction." United States v. Mitchell, 683 F. Supp. 2d 427, 433 (E.D. Va. 2010).

### III. Discussion

The defendant asserts that this Court should expunge her conviction due to her age at the time of conviction, the fact that she was a first-time offender, and the consequences concerning her employment and educational opportunities that have resulted from her federal conviction. Based on the following analysis, however, this Court finds that the petition for expungement of her federal conviction should be denied as this Court lacks jurisdiction to review the defendant's petition for expungement.

A. *Kokkonen* and Ancillary Jurisdiction

The concepts and boundaries of ancillary jurisdiction were explained in the United States Supreme Court's analysis in Kokkonen v. Guardian Life Insurance. Ancillary jurisdiction, or as it is sometimes called, "ancillary enforcement jurisdiction," is the concept under which federal courts maintain jurisdiction over

related proceedings that are technically separate from the claims or causes of action in the initial case that invoked federal subject matter jurisdiction. Kokkonen, 511 U.S. at 378-89.

Significantly, the Supreme Court held that ancillary jurisdiction may be asserted for two purposes: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Id. at 379-380 (citations omitted). Thus, in the dispute that arose in Kokkonen over the enforcement of the terms of a settlement agreement, the Supreme Court found that it did not have ancillary jurisdiction because that dispute did not fall within the two purposes listed above. Id. at 381-82. Similarly, as discussed more fully below, because the expungement of a conviction does not fall within an area of statutory or constitutional jurisdiction or within the two purposes provided for under ancillary jurisdiction, this Court may not exercise its limited jurisdiction.

B. Expungement of a Federal Conviction

The defendant states in her petition that she is petitioning the Court to expunge her federal conviction. To reiterate, in order for this Court to grant expungement of the defendant's federal conviction, it must have ancillary jurisdiction.

4

The Supreme Court has not directly addressed whether federal courts have jurisdiction to expunge criminal convictions solely for equitable reasons. Currently, the federal circuit courts are "superficially" split as to whether ancillary jurisdiction gives a federal district court the authority to expunge federal convictions or records solely upon equitable grounds. This Court refers to the split as "superficial" because only one court, the United States Court of Appeals for the Seventh Circuit, has revisited the issue post-Kokkonen.[2] Importantly for this case, however, the Fourth Circuit held in Allen v. Webster (and has not overturned that ruling or reconsidered it) that in considering whether or not expungement should be granted on equitable grounds:

> courts must be cognizant that the power to expunge "is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case." United States

---

[2]The United States Court of Appeals for the Third, Sixth, Eighth, and Ninth Circuits have all held that federal district courts do not have ancillary jurisdiction to expunge criminal records on equitable grounds. United States v. Lucido, 612 F.3d 871, 873-878 (6th Cir. 2010); United States v. Rowlands, 451 F.3d 173, 178 (3d Cir. 2006), cert. denied, 127 S. Ct. 598, 166 L. Ed. 2d 431 (U.S. 2006); United States. v. Meyer, 439 F.3d 855, 862 (8th Cir. 2006); United States. v. Dunegan, 251 F.3d 477, 478 (3d Cir. 2001); United States v. Sumner, 226 F.3d 1005, 1014 (9th Cir. 2000). The other circuits, the Second, Fourth, Seventh, Tenth, and District of Columbia Circuits, have found that in extreme cases equitable expungement can be granted by a federal district court (but all before Kokkonen, with the exception of Flowers). United States v. Flowers, 389 F.3d 737, 739 (7th Cir. 2004); Livingston v. United States Dept. of Justice, 759 F.2d 74, 78 (D.C. Cir. 1985); Allen v. Webster, 742 F.2d 153, 154-155 (4th Cir. 1984); United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977); United States v. Linn, 513 F.2d 925, 927 (10th Cir. 1975).

5

v. Linn, 513 F.2d 925, 927 (10th Cir.), cert. denied, 423 U.S. 836, 96 S. Ct. 63, 46 L. Ed. 2d 55 (1975). Such extreme circumstances have been found and records ordered to be expunged where procedures of mass arrests rendered judicial determination of probable cause impossible, Sullivan v. Murphy, 156 U.S.App.D.C. 28, 478 F.2d 938 (1973); where the court determined the sole purpose of the arrests was to harass civil rights workers, United States v. McLeod, 385 F.2d 734 (5th Cir. 1967); where the police misused the police records to the detriment of the defendant, Wheeler v. Goodman, 306 F. Supp. 58 (W.D.N.C. 1969); or where the arrest was proper but was based on a statute later declared unconstitutional, Kowall v. United States, 53 F.R.D. 211 (W.D. Mich. 1971). Id. at 539-540.

Webster, 742 F.2d at 155.

Some district courts within the Fourth Circuit, in contrast, have held that Webster is not applicable to expungement cases in which the defendant is seeking expungement of a federal conviction. For instance, in United States v. Mitchell, 683 F. Supp. 2d 427 (E.D. Va. 2010), the court held that because (1) Webster came after Kokkonnen and (2) Webster dealt with a criminal conviction that was later acquitted, it is not applicable to cases that (1) take place after Kokkonnen and (2) deal with criminal convictions that have not been acquitted. Mitchell, 683 F. Supp. 2d at 430. Other Fourth Circuit district courts have adopted the reasoning of Mitchell. United States v. Harris, 847 F. Supp. 2d 828, 833 (D. Md. 2012); Sambou v. United States, 2010 WL 3363034 (E.D.N.C. Aug. 24, 2010).

This Court finds that the reasoning in Mitchell is sound and should be applied to this case. Webster did not address the issue of ancillary jurisdiction; pre-dated Kokkonen, and thus did not

6

discuss the implications of that pronounced ancillary jurisdiction standard; and dealt with a criminal conviction that had been acquitted. Those facts make Webster wholly distinguishable from the case at hand, where a convicted defendant seeks expungement that can only be given if this Court has ancillary jurisdiction. Further, as the court in Mitchell discussed, an expungement of conviction petition does not fall within the two purposes set forth in Kokkonen.[3]

First, the defendant's expungement petition is not interdependent with the defendant's criminal convictions under 18 U.S.C. § 3231. The underlying convictions are "wholly separate and distinct from the equitable circumstances that defendant contends justify the expungement of [her] conviction[s]." Id. at 433. Second, the expungement of a criminal conviction does not "enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Kokkonen, 511 U.S. at 379-380. Congress recognized a "compelling public need" to retain criminal records when it authorized the Department of Justice to acquire and preserve such records. United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977); 28 U.S.C. § 534(a) (authorizing the United States Attorney General to collect

---

[3]This Court notes that in support of the defendant's petition, she cites case law from various courts. This case law, however, predates the Supreme Court's decision in Kokkonen and, thus, is distinguishable for those purposes alone.

7

and exchange criminal records). The retention of criminal records is essential for an effective criminal identification system, as well as for purposes of punishment and deterrence. Id. Further, as the court noted in Mitchell:

> a conclusion that federal courts have ancillary jurisdiction to expunge criminal convictions for equitable reasons would allow district courts across the country to develop possibly inconsistent equitable standards for ordering expungement. This in turn might result in the expungement of criminal records in some districts and the denial of expungement in other districts, leading to an impairment of the reliability and integrity of federal criminal conviction records.

Mitchell, 683 F. Supp. 2d at 433.

This Court, therefore, does not have ancillary jurisdiction to review the defendant's petition for expungement of her federal criminal convictions. Thus, this Court does not have the authority to grant her petition for expungement and must deny it.[4]

---

[4]The Court notes that although the defendant's record cannot be expunged by this Court, the defendant does have the option of seeking a Presidential pardon pursuant to 28 C.F.R. § 1.1. Currently, the federal government employs federal pardon attorneys who review petitions for Presidential pardon. The Guide to Judiciary Policy explains the role of a pardon attorney as follows: "under the direction of the Attorney General, a Pardon Attorney receives and reviews all petitions for . . . pardon after completion of sentence [,] . . . initiates the necessary investigations, and prepares the recommendation of the Department of Justice to the President." 4 § 480.10, Guide to Judiciary Policy, Online Federal Judiciary Center (last revised Oct. 16, 2012). The defendant is hereby informed that if she wishes to pursue a presidential pardon she should visit the "Office of the Pardon Attorney" web page at http://www.justice.gov/pardon/ for more information. This Court would caution the defendant, however, that this does not mean that such a claim has merit procedurally or substantively.

IV. <u>Conclusion</u>

Accordingly, the defendant's petition for expungement of her record is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> defendant by certified mail, to counsel of record herein, and to the United States Probation office.

DATED:    May 14, 2014

<u>/s/ Frederick P. Stamp, Jr.</u><br>
FREDERICK P. STAMP, JR.<br>
UNITED STATES DISTRICT JUDGE